UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**JOHN D. RIDDICK, SR.,**
        Petitioner,

v.                                               Civil Action No. 2:04cv278
                                                  Criminal Action No. 2:00cr67

**UNITED STATES OF AMERICA,**
        Respondent.

## ORDER AND OPINION

Currently before the court is John D. Riddick, Sr.'s amendment to petition to vacate, set aside or correct a sentence previously imposed, pursuant to Title 28, United States Code Section 2255. The amendment is untimely under the requirements of the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 (1996), as it was not filed within one year of petitioner's sentence becoming final, and does not sufficiently relate back to a previously-filed petition under FED R. CIV. P. 15(c). In his initial petition, which was timely filed, petitioner alleged ineffective assistance of counsel at three junctures: in failing to properly advise petitioner concerning a plea agreement, in failing to request a three-level reduction for acceptance of responsibility, and in preventing petitioner from testifying in his own defense. This petition, however, is completely unsupported by any factual allegations. Because the record conclusively demonstrates that the petitioner is not entitled to relief, the court declines to hold an evidentiary hearing. See R. Governing § 2255 Proceedings in U.S. Dist. Cts. 8(a). For the reasons set forth below, Riddick's petition is **DENIED**.

I.      **Factual Background**

On April 10, 2000, petitioner, along with two of his sons and Lorenzo Butts, was charged in an indictment with numerous counts in connection with an extensive drug-trafficking conspiracy. He was subsequently charged in a superseding indictment filed on September 20, 2000 and a third, superseding indictment on November 20, 2000. In the November indictment, petitioner was charged with six counts: Count 1: conspiracy to distribute and possess with intent to distribute more than 1000 grams of heroin and 5000 grams of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A) and 18 U.S.C. § 2; Count 2: opening or maintaining any place to distribute and use controlled substances, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2; Count Six: possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and 18 U.S.C. § 2; Count Seven: possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 18 U.S.C.§ 2; Count Fifteen: use or possession of a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. §§ 924(c)(1) and (2); and Count Eighteen: possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and (2).

Petitioner's trial began on April 1, 2001, and concluded on April 30, 2001, with the jury returning guilty verdicts against petitioner on all six counts with which he was charged. On July 19, 2001, petitioner was sentenced to a total of 420 months imprisonment. Petitioner appealed his conviction to the United States Court of Appeals for the Fourth Circuit, which affirmed the decision of this court in an unpublished opinion on November 18, 2002. Petitioner subsequently filed a writ of certiorari to the United States Supreme Court, which was denied on or about April 28, 2003.

II.   **Procedural Background**

Petitioner filed a petition to vacate, set aside or correct a sentence previously imposed, pursuant to Title 28, United States Code Section 2255 on April 27, 2004. In his petition, he asserted that his court-appointed attorney at trial and on appeal, Mr. Andrew Protogyrou, had provided him ineffective assistance of counsel by failing to inform him of the terms of a plea agreement offered by the United States and failing to advise him of the maximum sentence he faced should he decide to go to trial or accept a plea agreement. Petitioner also claimed that his attorney was ineffective in failing to request a three-point reduction in petitioner's offense level for acceptance of responsibility. Petitioner additionally alleged that Mr. Protogyrou prevented him from testifying on his own behalf. The fourth claim of this petition, and by far the most broad, alleged that petitioner's counsel had provided ineffective assistance at every stage of the trial, sentencing, and appeal. Petitioner did not submit an accompanying memorandum of points and authorities in support of his petition, but instead moved this court for an enlargement of time in which to file such a memorandum. Petitioner requested that he be granted 60 days in which to file a memorandum, and noted that at the time of the motion he had only recently received trial transcripts, which were quite lengthy. At the same time, petitioner submitted a motion requesting appointment of counsel to assist him in his effort to obtain collateral relief, which this court denied. He also moved to defer the preliminary consideration given 2255 petitions by the court pursuant to R. Governing Proceedings in U.S. Dist. Cts. 4(b), and this court granted that motion. The court granted petitioner's motion for enlargement of time on May 17, 2004, permitting him an additional 30 days in which to file a memorandum in support of his § 2255 petition.

On July 16, 2004, petitioner filed an amended petition, wherein he withdrew the first three counts of his original 2255 petition and stated 10 "amended" counts, which he alleged were valid by their "relation back" to the fourth count of his original petition. The 10 "amended" counts were accompanied by a lengthy memorandum, setting out petitioner's legal arguments in support of his claims. On October 7, 2004, the United States filed a response to the amended petition, wherein it asserted that petitioner's claims were time-barred. Petitioner filed a reply to the United States' response on October 25, 2004. The matter is now before the court.

**III.   Standard of Review**

A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the United States Constitution or laws, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. An evidentiary hearing is not required in this case because the case file, along with the court's recollection of the case, are adequate to dispose of the matter. See R. Governing § 2255 Proceedings in U.S. Dist. Cts 8(a); Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

A collateral attack under § 2255 is far more limited than an appeal. The doctrine of procedural default bars the consideration of a claim that was not raised at the appropriate time during the original proceedings or on appeal. A collateral challenge is not intended to serve the same functions as an appeal. United States v. Frady, 456 U.S. 152, 165 (1981). There are two instances, however, when a procedurally defaulted claim may be considered on collateral review.

The first instance is when a petitioner shows both cause and actual prejudice resulting from the alleged error. Id. at 167. See also Wainwright v. Sykes, 433 U.S. 72, 84 (1977); United States v. Mikalajunas, 186 F.3d 490, 492-95 (4th Cir. 1999). The petitioner must demonstrate "that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). Alternatively, if a petitioner can demonstrate that he is actually innocent, then the court should also issue a writ of habeas corpus in order to avoid a miscarriage of justice, regardless of whether the claim was procedurally defaulted. See Schlup v. Delo, 513 U.S. 298, 321 (1995). A claim of ineffective assistance of counsel may, however, be properly brought on a § 2255 petition. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). In the instant case, the petitioner has not alleged that he is actually innocent of the crimes for which he was convicted, therefore he must demonstrate both cause and prejudice as a result of the errors he alleges.

**IV.    Analysis**

A.    Amended Petition

In an order filed May 17, 2004, this court granted petitioner's motion for enlargement of time in which to file a memorandum in support of his original 2255 petition. Although petitioner had requested an additional 60 days, this court, noting that nearly 20 days had already passed after petitioner had filed his motion, granted petitioner an additional 30 days from the date of the order in which to file his memorandum. Although petitioner had until June 16, 2004 to file a memorandum, he took until July 16, 2004 to do so. Petitioner claims that, because his

"amended" claims relate back to a claim in his original 2255 petition, it is immaterial that his amended petition was filed 30 days after the deadline this court provided. Because this court determines that petitioner's "amended" claims do not relate back to any of his original claims, his amended complaint has been filed beyond the deadline and is rejected.

Rule 12 of the Rules Governing Section 2255 Proceedings states, "If no procedure is specifically prescribed by these rules, the district court may proceed in any lawful manner not inconsistent with these rules . . . and may apply the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure, whichever it deems most appropriate." Although the Rules Governing Section 2255 Proceedings do not specify a procedure by which a petitioner may amend his motion, courts have typically permitted prisoners to use FED. R. CIV. P. 15 as grounds for amendment of a 2255 petition. See Rogers v. United States, 190 F.3d 349, 352 n. 3 (1st Cir. 1999); see also United States v. Duffus, 174 F.3d 333, 336 (3d Cir. 1999).

Federal Rule of Civil Procedure 15(c) permits an amendment that would otherwise be barred by the statute of limitations to stand as long as it "relates back" to the original pleading. Specifically, a claim is found to relate back if "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading." FED. R. CIV. P. 15(c)(2). The Fourth Circuit, following the lead of the Third and Eighth Circuits, has interpreted this language strictly in the context of amended 2255 petitions. See United States v. Pittman, 209 F.3d 314, 317-18 (4th Cir. 2000). See also Duffus, 174 F.3d at 337; United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999).

In Pittman, the Fourth Circuit addressed an amended 2255 petition that was filed beyond the one year statute of limitations. Although the petitioner's original claims were timely filed,

the court determined that the amended claims were time barred because they arose from separate occurrences of time and type. 209 F.3d at 318. In his original petition, Pittman had argued that the district court lacked jurisdiction to impose an enhanced sentence, that the enhancement was improper, and that the government had not established by a preponderance of the evidence that the drugs at issue were crack cocaine. Id. at 317. His amended petition, however, sought to raise two additional claims: ineffective assistance of counsel in failure to file an appeal, and improper enhancement for obstruction of justice. Id. The court reasoned that because "Pittman's ineffective assistance claim relates neither to the sentencing enhancement claims nor to the lack of jurisdiction claim," it was "completely new and thus [could not] relate back to his original pleading." Id. at 318. Pittman's claim concerning a sentencing enhancement for obstruction of justice, while similar to his earlier claims of improper enhancements, arose out of entirely different conduct, and therefore did not relate back to his original 2255 petition. Id.

     The facts of the instant case are remarkably similar to those of Pittman. Here, petitioner was granted an extension of time for the express purpose of filing a memorandum in support of his original 2255 petition. Instead, petitioner is attempting to submit 10 new claims altogether. Under the guise of relation back to the fourth claim of his original petition, petitioner argues that his "amended" petition should be accepted as simply a modification. However, the 10 claims raised by petitioner in his amended petition, although all related to the ineffective assistance of counsel, arise out of separate occurrences of both time and type than the claim which petitioner alleges forms the nexus between the original and amended petitions. The extent of the "nexus" claim is that petitioner received ineffective assistance of counsel at all stages of his case; he makes no specific allegations and provides no support for the claim.

The Supreme Court has recently upheld the view of the Fourth Circuit on the issue of "relation back." See Mayle v. Felix, No. 04-563, 2005 LEXIS 5016 (June 23, 2005). In that case, under facts similar to the instant case, the Court determined that in order to "relate back," an amended claim must "arise from the same core facts as the timely filed claims." Id. at *25. In reversing the decision of the Ninth Circuit, the Court noted that "[a] miscellany of claims for relief could be raised later rather than sooner and relate back, for 'conduct, transaction, or occurrence' would be defined to encompass any pretrial, trial, or post-trial error that could provide a basis for challenging the conviction." Id. at *32-33.

In reality, the fourth claim of petitioner's original 2255 petition is so broad that, were this court to permit petitioner's amended claims to relate back to it, there would be few claims that could not be worded so as to validly "relate back." This broad view of "relation back" would not only undermine the limitations provided by Congress in the AEDPA, but would encourage those filing 2255 petitions to state their claims in the broadest language possible, and then continue to amend their petitions with more specific claims long past the deadline for filing. See id. at *34-37; Pittman, 209 F.3d at 318.

It is clear from reading petitioner's original petition in concert with his amended petition that he is attempting to make an end-run around the AEDPA's strictly enforced time limitations for filing habeas petitions. In his amended petition, he withdraws the first three claims of his original petition, seeking to only have the broad fourth claim stand and serve as the point back to which his "amended" claims relate. The 10 claims in his amended petition are the products of separate occurrences than the first three claims of his original petition. Although stated as specific allegations of ineffective assistance of counsel, the claims are quite diverse, and in some

instances, simply brought under the guise of an ineffective assistance claim in order to comport with the claim to which petitioner states they relate back. Petitioner alleges that his counsel failed to request a hearing on a motion to suppress that had been filed by a previous attorney who had represented him. He claims that his counsel improperly failed to request that petitioner's trial be severed from that of a co-defendant after evidence of previous homicides committed by the co-defendant was introduced at trial. Petitioner alleges that his attorney, Mr. Protogyrou, failed to request sentencing on lesser included offenses, failed to move to strike the verdicts on multiple counts, and failed to move for dismissal of a count of the indictment. He further claims that his attorney failed to move to correct sentencing enhancements that were improperly applied. Finally, petitioner alleges that his attorney was ineffective in failing to raise the above issues on direct appeal.

Apart from the broad assertion that his new claims relate back to his claim of general ineffectiveness of counsel, petitioner has offered no evidence to indicate that they arise out of the same occurrence. None of his 10 new claims are related to any of the three original claims which petitioner seeks to withdraw. As noted earlier, to permit petitioner to proceed with his 10 new claims on the theory that they related back to the general claim of attorney ineffectiveness would be to undermine the purpose of the one-year limitation provided by the AEDPA. This is something the court declines to do. Petitioner's amended claim, filed after the statute of limitations had run, is barred by that statute and therefore futile.

B.  Equitable Tolling

Petitioner further argues, that, should this court determine that his amended complaint was not filed within the period of limitations prescribed by the AEDPA, that it determine that the

limitations should be equitably tolled. The court does have the authority to toll the application, under equitable principles, of the statute of limitations for a section 2255 proceeding. See Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). The Fourth Circuit has held that the doctrine of equitable tolling is generally appropriate in two distinct situations: where the petitioner was prevented from asserting his claim by some wrongful conduct on the part of the government, or where some extraordinary circumstances beyond the petitioner's control made it impossible to file the claims in a timely manner. Id. at 330.

Principles of equitable tolling do not extend to garden-variety claims of excusable neglect. Rouse v. Lee, 339 F.3d 238, 249 (4th Cir. 2003). The main thrust of petitioner's allegation is that his attorney and the government prevented him from obtaining important documents needed to conduct the proper research to file his petition, and that because by the time he obtained a trial transcript his time for filing had almost expired, he should be granted additional time. Of course, this court already granted petitioner an additional period of time in order to file a memorandum of law in support of his 2255 petition, yet he took more than twice the time granted to file a memorandum, and his filing presented not support for his original claims but an entirely new set of claims.

Petitioner further claims that, because he was unaware of when his claim was denied certiorari by the Supreme Court, he should be granted additional time. It is clear, however, that "ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Although it is unclear exactly when petitioner did receive notice of the denial of certiorari, it is apparent that he learned of the denial several months before the deadline for filing a 2255 petition. What petitioner fails to allege is how his ignorance of the denial of

10

certiorari in any way deprived him of the opportunity to submit a timely 2255 petition. In reality, petitioner did submit such a timely petition, and was granted an additional 30 days in which to file a supporting memorandum. Although petitioner would have the court believe that his late apprisal of the denial of certiorari combined with his inability to obtain transcripts free of charge constitute extraordinary circumstances that prevented him from filing a timely 2255 petition, it is plainly evident that this is not the case, for several reasons.

As early as January 2003, petitioner moved this court to provide him with trial transcripts free of charge. The court denied petitioner's motion on January 30, 2003, after determining that he had not shown any particularized need to receive the transcripts free of charge. Since that point he has sent numerous letters to his trial attorney, Mr. Protogyrou, in an effort to obtain his case file, and on November 17, 2003, moved this court to compel Mr. Protogyrou to turn over to petitioner any documents related to his case. This court denied petitioner's motion on December 30, 2003, noting that it had no power to order Mr. Protogyrou, who no longer represented petitioner, to do anything.

In its order denying petitioner's motion, this court also addressed the limited discovery available to 2255 petitioners. The discovery process with respect to a 2255 petition is unlike civil discovery. For the court to permit discovery, a petitioner must "present specific allegations which give reason to believe that, if the facts are fully developed, he may be entitled to habeas relief." United States v. Franco, 187 F.3d 635, 1999 WL 623354, at *2 (6th Cir. 1999)(unpublished)(citing Lynott v. Story, 929 F.2d 228, 232 (6th Cir. 1991)). The discovery process is not a "fishing expedition," and a prospective petitioner is not entitled to discovery simply in "hope that 'something will turn up.'" United States v. Custis, 923 F.Supp. 768, 769 (D.

Md. 1996). Petitioner has admitted that he desired trial transcripts in order to read through them to look for issues to raise in his 2255 petition. It is clear that petitioner had no particular allegations in mind when he requested the trial transcripts, and he therefore was not entitled to them free of cost. Petitioner has provided no indication as to why he was unable to purchase a trial transcript at an earlier point.

It remains unclear whether Mr. Protogyrou failed to inform petitioner that the Supreme Court had denied his writ of certiorari. Even were it clear that he had done so, petitioner would have no right to challenge his attorney's actions as unconstitutional, as no constitutional right to counsel exists for discretionary review, although a statutory right does exist. See Coleman v. Thompson, 501 U.S. 722, 756 (1991); Ross v. Moffitt, 417 U.S. 600, 611 (1974). In Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), the Fourth Circuit considered the timeliness of a habeas petition following post-conviction review in state court. In determining that the petitioner, Rouse, had not filed his petition until one year and one day after his conviction became final, the district court concluded that the petition was untimely, and the Fourth Circuit affirmed. See Rouse, 339 F.3d at 244.

The court in Rouse was confronted with the issue of whether the error of Rouse's habeas counsel, which had resulted in the late filing of the petition, could be considered extraordinary circumstances, external to the petitioner's own conduct, that would be sufficient to warrant equitable tolling. Id. at 246. Because Rouse had no constitutional right to counsel in his federal habeas proceedings, the court determined that there was no ineffective assistance of counsel, because "there can only be constitutional ineffective assistance of counsel where there is a constitutional right to counsel." Id. (quoting Coleman, 501 U.S. at 752). Because Rouse's

habeas counsel's error was not a violation of the constitutional right to effective assistance, the error was attributable to Rouse, and not to any external source.  See id.

This court, in Jackson v. United States, 39 F.Supp. 2d 672 (E.D. Va. 2004), extended the holding of Rouse to the error of counsel on appeal to the Supreme Court.  Id. at 677.  "As the petitioner had no constitutional right to counsel beyond his direct appeal, any error of [his counsel] in failing to inform the petitioner of the denial of certiorari does not amount to ineffective assistance of counsel."  Id.  The Fourth Circuit subsequently affirmed the Jackson decision.  See United States v. Jackson, 107 Fed. Appx. 346 (4th Cir. 2004)(unpublished).  In the instant case, even if petitioner's counsel had failed to inform petitioner of the denial of certiorari, the error would not rise to the level of a violation of the Sixth Amendment.  Accordingly, such error does not provide grounds for equitable tolling of the period of limitations in which to file a 2255 petition.  Because Mr. Protogyrou was not constitutionally required to provide counsel on an appeal to the Supreme Court, any alleged errors are attributable to petitioner, not the government.  See Rouse, 339 F.3d at 250 n.12; Jackson, 39 F.Supp. 2d at 677.  Petitioner's claim, that wrongful conduct on the part of the government, or extraordinary circumstances external to his control prevented him from making an adequate 2255 petition, is simply false.  This court, therefore, declines to permit the statute to be tolled in order to accommodate petitioner's amended petition.

C.   Original Petition

Because it is time barred, petitioner's amended 2255 motion will not be considered by this court.  Although in his amended motion, petitioner asks to withdraw the first three claims of his original petition, this court will consider all of the claims of his original petition, which was

13

filed in a timely manner.

The Sixth Amendment provides, in relevant part, that: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. The Sixth Amendment right to counsel includes the right to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). The Supreme Court's standard for assessing ineffective assistance of counsel claims is "highly deferential." Id. See Kimmelman v. Morrison, 477 U.S. 365, 382 (1986) (discussing the Strickland standards). There are two prongs to the Strickland test: performance and prejudice. To establish a claim for ineffective assistance of counsel, petitioner must prove both: (1) that his attorney's conduct fell below an objective standard of reasonableness; and (2) that the attorney's deficient performance caused him prejudice. Strickland, 466 U.S. at 687-91.

Actual prejudice is demonstrated by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Under Strickland, "there exists a strong presumption that counsel's conduct was within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance." Kratsas v. United States, 102 F. Supp. 2d 320, 322 (D. Md. 2000) (citing Strickland, 466 U.S. at 688-89). Most importantly, the burden of proof lies with the petitioner. United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999). A petitioner's conclusory statements will not suffice to prove that there is a reasonable probability that the outcome of his trial would have been different in the absence of his counsel's alleged errors.

Because his original 2255 petition makes certain claims, with no facts alleged in support

of them, petitioner has clearly not met his burden of demonstrating that his counsel's performance fell below any objective standard of reasonableness, nor has he demonstrated that, even had his counsel's performance been deficient, the result of his trial and appeal would have been any different.  See Strickland, 466 U.S. at 687-91.  Accordingly, petitioner's claims of ineffective assistance of counsel are denied.

## V.    Conclusion

For the reasons discussed above, the petition is **DENIED** and **DISMISSED**.  Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is **DENIED**.

The Clerk is **REQUESTED** to send a copy of this Order to the petitioner, to his counsel, and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800, 101 West Main Street, Norfolk, Virginia 23510 .

The petitioner is **ADVISED** that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.  Said written notice must be received by the Clerk within sixty (60) days from the date of this Order.

It is so **ORDERED**.

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

July 6, 2005
Norfolk, Virginia